IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **NICOLETTE HANCOX,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   No. 21-2571-SHL-tmp |
| | ) |
| **E.W. ATKINSON, JR.,** | ) |
| | ) |
|     **Defendant.** | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is Defendant's Motion to Vacate or Set Aside Entry of Default, filed by E.W. Atkinson, Jr. on February 18, 2022. (ECF No. 23.) *Pro se* plaintiff Nicolette Hancox filed a response on April 11, 2022. (ECF No. 27.) For the reasons below, it is recommended that the motion be granted.

## I.    PROPOSED FINDINGS OF FACT

This case arises from Hancox's allegations that her former employer, Atkinson, discriminated against her in violation of Title VII of the Civil Rights Act of 1964. On August 30, 2021, the EEOC issued Hancox a right to sue letter, stating that they were closing the file on her charge because the "employer is no longer in business."[1] (ECF No. 1-1.) On September 9, 2021, Hancox

---

[1]Hancox attached to her response an email communication with the EEOC which stated, "[r]egarding the employer, we did not receive

filed a *pro se* complaint and a motion to proceed *in forma pauperis*, which was granted on September 10, 2021. (ECF Nos. 1, 2, & 7.) Using a form provided by the Clerk's Office to assist *pro se* litigants asserting employment discrimination claims, Hancox checked boxes alleging termination of employment, retaliation, and discrimination based on race and gender/sex. (Id. at PageID 3-4.)

In the section of her complaint devoted to the facts of the case, Hancox wrote:

> I began working for the defendant on 10/10/19. On 10/22/20, E.W. Atkinson make offensive racial stereotypes and on 10/23/20 after attempting to address these offensive statements and while reporting protected activity, I let Mr. Atkinson know that I was going to report this discrimination to the EEOC, he then immediately terminated me and told me that I would not be paid.

(Id. at 4-5.) Hancox seeks $28,860 in backpay and $250,000 in compensatory damages for pain, suffering, and emotional distress. (Id. at 6.)

On September 16, 2021, the undersigned entered an order to issue and effect service of process. (ECF No. 8.) The Clerk issued summons on September 17, 2021, and provided it to the U.S. Marshal to effect service. (ECF No. 9.) The summons was

---

a response to the charge. I could not reach the owner by phone and he didn't respond to my emails or mailed correspondence. According to the TN Secretary of State's website, the company is no longer in business it is Inactive – Dissolved." (ECF No. 27-1 at PageID 78.)

returned executed on October 5, 2021, and indicated that Atkinson had been personally served. (ECF No. 10.) Atkinson failed to respond to the complaint. On October 25, 2021, Hancox filed a motion for entry of default, which the Clerk granted. (ECF Nos. 11 & 12.) Hancox then filed a motion for default judgment on October 28, 2021. (ECF No. 13.) The undersigned scheduled a hearing to assess Hancox's damages on December 16, 2021, with instructions for the Clerk to mail a copy of the notice to Atkinson. (ECF No. 16.) Upon discovering that Atkinson had not been served with notice of the December 16 evidentiary hearing, the undersigned rescheduled the hearing for January 20, 2022. (ECF No. 18.)

On January 20, 2022, Hancox and Atkinson both appeared *pro se* at the hearing. Atkinson stated that he intended to file a motion to vacate the Clerk's entry of default and requested that the court grant him time to hire a lawyer and file that motion. Hancox did not object and the undersigned granted Atkinson's request. (ECF No. 20.)

On February 18, 2022, Jeff Weintraub and Marilyn Higdon, attorneys at Fisher and Phillips, LLP, entered notices of appearance on Atkinson's behalf. (ECF Nos. 21-22.) The same day, counsel for Atkinson filed the present motion, arguing that good cause exists under Rule 55(c) to vacate the entry of default.

(ECF No. 23.) Atkinson contends that the default is not a result of culpable conduct because his failure to timely file a response "was the result of simple negligence and [his] inexperience navigating the judicial system as a *pro se* litigant." (Id. at PageID 58.) Additionally, Atkinson claims that he has several meritorious defenses to Hancox's claims: 1) he denies that he subjected Hancox to any race or gender-based discrimination or retaliation; 2) the court lacks subject-matter jurisdiction over Hancox's claims because there is no Title VII jurisdiction over individuals; and 3) Hancox fails to state a claim for which relief can be granted. (Id.) Further, Atkinson argues that Hancox will not suffer prejudice if the entry of default is vacated. (Id. at PageID 60.)

Hancox filed a response in opposition to the motion on April 11, 2022. (ECF No. 27.) Hancox argues that Atkinson has shown a "pattern of non-compliance" in regard to the present lawsuit. (Id. at PageID 72-73.) In addition to failing to respond to the filings in this case, Hancox notes that Atkinson did not respond to the EEOC's multiple attempts to investigate the charge against him. (Id.) Hancox claims that this conduct "displays an intent to thwart the judicial proceedings and a reckless disregard for the effect of [his] conduct on those proceedings." (Id. at PageID 73.) She also argues that Atkinson

- 4 -

has been involved in "multiple legal proceedings concerning these same matters," therefore it is not plausible that his failure to respond was a result of negligence or inexperience. (Id.) She further contends that granting Atkinson's motion will prejudice her because a delay in the proceedings could result in loss of evidence. (Id. at PageID 74.) Additionally, because Atkinson's company is apparently out of business, delays make it likely that Atkinson's assets will be liquidated.

Hancox also argues that Atkinson's first defense - that he denies all allegations in the complaint - fails because he did not provide any facts beyond conclusory denials. (Id. at PageID 75.) As to Atkinson's defense that there is generally no Title VII jurisdiction over individuals, Hancox states, "[w]hile this may be true Plaintiff is prayerful that this Court will consider the Plaintiff's inexperience navigating the judicial system as a pro se litigant, excuse the filing error (omission of the company's name in the complaint) and proceed with upholding justice in this matter since the EEOC did issue the Plaintiff the right to sue the company which the Defendant is the sole owner of." (Id.) Finally, Hancox requests that if the court were to decide to vacate the entry of default, that Atkinson be ordered to pay the costs that she has incurred in obtaining the entry of default and in opposing this motion, which total

approximately $650. (Id. at PageID 76.)

## II. PROPOSED CONCLUSIONS OF LAW

Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c). The court should consider whether: (1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default. United States v. Goist, 378 F. App'x 517, 519 (6th Cir. 2010) (citing Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990); Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 192 (6th Cir. 1986)); United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983). Sixth Circuit decisions on Rule 55(c) motions to set aside default are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 322 (6th Cir. 2010) (collecting cases).

### A. Prejudice to Plaintiff

The first equitable factor under this analysis is prejudice to the plaintiff if the default is set aside. The Sixth Circuit has held that "[d]elay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55." Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006); see also United

Coin Meter, 705 F.2d at 845; McGinnis v. Rentech Solutions, Inc., No. 2:11-cv-00670, 2012 WL 1537611, at *2 (S.D. Ohio May 1, 2012); Jack Tyler Eng'g Co., Inc. v. Colfax Corp., No. 10-2373-STA, 2011 WL 1256610, at *4 (W.D. Tenn. Mar. 31, 2011). In order to show prejudice, the plaintiff must show that delay will result in "loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Krowtoh II LLC v. ExCelsius Int'l Ltd., 330 F. App'x 530, 535 (6th Cir. 2009); INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987); Jack Tyler, 2011 WL 1256610, at *4.

Hancox argues that "further delay of the proceedings could result in loss of additional evidence that is vital to proving the allegations in the complaint." (ECF No. 27 PageID 74.) For example, Hancox claims she no longer has access to her video recording of the interaction with Atkinson that led to her filing the charge with the EEOC. (Id.) Hancox also argues that because Atkinson's company has gone out of business, "every day of delay makes it more likely that whatever assets the Defendant may have had will be liquidated and made unavailable to Plaintiff." (Id.)

Regarding the risk of losing evidence, it is unclear based on Hancox's response why she apparently no longer has access to

the video in question, or specifically what other evidence is at risk of being lost. Although the court is sympathetic to Hancox's argument that further delay could frustrate recovery of any final judgment, this type of harm is not recognized as prejudice under Rule 55(c). See, e.g., Victoria's Secret Stores v. Artco Equip. Co., Inc., 194 F. Supp. 2d 704, 718 (S.D. Ohio 2002) (finding plaintiff would not be prejudiced by vacating the entry of default although defendant threatened to file for bankruptcy). Because Hancox has not made a sufficient showing of prejudice, this factor weighs in favor of setting aside the entry of default.

**B.  Meritorious Defense**

Consistent with the court's permissive stance in setting aside defaults, a defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." $22,050.00 U.S. Currency, 595 F.3d at 326; Burrell, 434 F.3d at 834 (citations omitted). "A defendant is not required to show that its defense is likely to succeed on the merits or offer detailed factual allegations in support of the defense." Jack Tyler, 2011 WL 1256610, at *3 (citing $22,050.00 U.S. Currency, 595 F.3d at 326). A defense is meritorious if it is "good at law" and need "present only 'a hint of a suggestion

- 8 -

which, proven at trial, would constitute a complete defense.'" Id. (quoting $22,050.00 U.S. Currency, 595 F.3d at 326); see also Williams v. Meyer, 346 F.3d 607, 614 (6th Cir. 2003). Atkinson argues that he has a meritorious defense for the claims against him. He denies that he subjected Hancox to any race or gender-based discrimination or retaliation, which is obviously the central issue in this case. He further argues that the court lacks subject-matter jurisdiction over Hancox's claims because there is no Title VII jurisdiction over individuals. As Atkinson argues in his motion, "[a]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997). However, "there is support for the proposition that a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the 'alter ego' of the employer." Little v. BP Exploration & Oil Co. 265 F.3d 357, 362 n.2 (6th Cir. 2001).[2] While the undersigned makes no finding at this time regarding Atkinson's liability under Title VII, the likelihood of success of this defense weighs in favor of setting

---

[2]When screening the complaint pursuant to 28 U.S.C. § 1915(a), the undersigned observed that Hancox's suing of Atkinson individually could be a deficiency in Hancox's complaint. However, because it was possible that this was one of those rare case, see Little, 265 F.3d at 362 n.2, the undersigned ordered process to be issued.

aside the entry of default. The court finds at least one of Atkinson's proffered defenses satisfies the low threshold of the "good at law" standard, and that there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.

**C.  Defendant's Culpable Conduct**

The third and final factor in the Rule 55(c) analysis is the culpability of the defendant's conduct. "[I]n the context of Rule 55(c), mere negligence or failure to act reasonably is not enough to sustain a default." $22,050.00 U.S. Currency, 595 F.3d at 327. "[I]t is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." Shepard Claims Serv., Inc., 796 F.2d at 194. Instead, for the defendant to be deemed culpable for the default, they "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on judicial proceedings." Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433 (6th Cir. 1996) (citations omitted).

Atkinson's conduct certainly raises concerns and borders on "reckless disregard." Atkinson claims that his failure to respond for several months was a result of "simple negligence and Defendant's inexperience navigating the judicial system as a

- 10 -

*pro se* litigant." (ECF No. 23.) At the hearing, Atkinson explained that in his experiences with prior lawsuits in state court, he has never had to respond without first having a court date set. The court does not find this explanation to be plausible. The Tennessee Rules of Civil Procedure require an answer to be filed within thirty days after the service of summons and a complaint. Tenn. R. Civ. P. 12.01. Additionally, there is at least some evidence to suggest that Atkinson was non-responsive to communications from the EEOC. (ECF No. 27-1 at PageID 78.) However, although the culpability factor weighs against setting aside the entry of default, based on the application of all the United Coin Meter factors and keeping in mind the Sixth Circuit's preference for resolving cases on the merits, the undersigned finds that Atkinson has demonstrated good cause to set aside entry of default.

**D. Fees**

Hancox requests that if the court were to decide to vacate the entry of default, that it be done on the condition that Atkinson pay $650 in fees. However, "[p]*ro se* litigants are not entitled to recover attorney's fees." Cooper v. Vidor, 47 F.3d 1167 (table), at *2 (6th Cir. 1995) (citing Wright v. Crowell, 674 F.2d 521, 522 (6th Cir. 1982)). Because Hancox is proceeding *pro se*, she is not entitled to attorney's fees.

### III. RECOMMENDATION

For the reasons above, it is recommended that Atkinson's motion be granted. If this Report and Recommendation is adopted, the undersigned recommends that Hancox be allowed to amend her complaint to add her former employer, Planter's Gin Company, Inc., as a co-defendant.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 21, 2022
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**