```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```
_____

NICOLETTE HANCOX,            )
                             )
    Plaintiff,               )
                             )
v.                           )    No. 21-2571-SHL-tmp
                             )
E.W. ATKINSON, JR.,          )
                             )
    Defendant.               )
_____

                      **REPORT AND RECOMMENDATION**
_____

On September 9, 2021, Hancox filed a *pro se* complaint and a motion to proceed *in forma pauperis*, which was granted on September 10, 2021. (ECF Nos. 1, 2, & 7.) Using a form provided by the Clerk's Office to assist *pro se* litigants asserting employment discrimination claims, Hancox checked boxes alleging termination of employment, retaliation, and discrimination based on race and gender/sex. (Id. at PageID 3-4.)

On September 16, 2021, the undersigned entered an order to issue and effect service of process. (ECF No. 8.) The Clerk issued summons on September 17, 2021, and provided it to the U.S. Marshal to effect service. (ECF No. 9.) The summons was returned executed on October 5, 2021, and indicated that Atkinson had been personally served. (ECF No. 10.) Atkinson failed to respond to the complaint.

On October 25, 2021, Hancox filed a motion for entry of default, which the Clerk granted. (ECF Nos. 11 & 12.) Hancox then filed a motion for default judgment on October 28, 2021. (ECF No. 13.) The undersigned scheduled a hearing to assess Hancox's damages on December 16, 2021, with instructions for the Clerk to mail a copy of the notice to Atkinson. (ECF No. 16.) Upon discovering that Atkinson had not been served with notice of the December 16 evidentiary hearing, the undersigned rescheduled the hearing for January 20, 2022. (ECF No. 18.)

On January 20, 2022, Hancox and Atkinson both appeared *pro se* at the hearing. Atkinson stated that he intended to file a motion to vacate the Clerk's entry of default and requested that the court grant him time to hire a lawyer and file that motion. Hancox did not object and the undersigned granted Atkinson's request. (ECF No. 20.)

On February 18, 2022, Jeff Weintraub and Marilyn Higdon, attorneys at Fisher and Phillips, LLP, entered notices of appearance on Atkinson's behalf. (ECF Nos. 21-22.) The same day, counsel for Atkinson filed a motion to vacate the entry of default. (ECF No. 23.) The undersigned entered a Report and Recommendation, recommending that the motion to vacate be granted. (ECF No. 28.)

Although the Report and Recommendation did not expressly

refer to Hancox's Motion for Default Judgment, (ECF No. 13), if the Report and Recommendation is adopted and the motion to vacate is granted, the motion for default judgment would necessarily be denied. Therefore, the undersigned recommends, consistent with the Report and Recommendation at ECF No. 28, that Hancox's motion for default judgment be denied.

                                                s/ Tu M. Pham
                                                TU M. PHAM
                                                Chief United States Magistrate Judge

                                                July 18, 2022
                                                Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**